J^FITZSIMMONS, J.
Renee Savoy Harris (Dr. Harris) and State Farm Mutual Automobile Insurance Company (State Farm) appeal the trial court’s award of damages to Jackie Williams for injuries allegedly sustained in an automobile accident. Following a review of the facts and associated law, this court amends the trial court judgment.
On June 19, 2000, as Dr. Harris was backing her vehicle out of a parking space, she hit the front right headlight of a vehicle in which Ms. Williams was riding. It is undisputed that the rear bumper of Dr. Harris’s vehicle sustained only scuff marks that did not necessitate repair. The vehicle in which Ms. Williams was riding incurred a broken front right headlight. The trial court awarded Ms. Williams the sum of $24,507.48. Dr. Harris and State Farm submit on appeal that the damage award was manifestly erroneous because the trial court relied on the credibility of Ms. Williams and because she failed to *28 prove by a preponderance of the evidence the relationship of the accident to her claimed injuries.

CREDIBILITY

The record reveals numerous incidences in which Ms. Williams’ historical account of her accidents and physical condition are disparate. The most heinous include the following:
(1) In her deposition, she told defense counsel that on the day of the subject accident she was only experiencing calf pain and a cold, which accounted for her inability to drive her vehicle. Contrarily, at trial she admitted that, at the time of the accident, she had actually been on her way to a doctor’s appointment for back pains, she could barely move, and she was in enough pain to have her son drive her car.
(2) When Ms. Williams was treated by an orthopedist, Dr. Francis A. Johnston, only three days after the collision made the subject of this lawsuit, |3Ms. Williams failed to reveal to him that she had been treated recently by an internist, Dr. Victor Jackson, on March 30, 2000 for low back pain as a result of another unspecified accident. Instead, Ms. Williams limited her medical and physical history to a prior back injury on October 13, 1996. Moreover, Dr. Johnston was not aware that Ms. Williams was actually en route to an appointment with another physician for low back pain at the time of the controverted collision.
(3) On July 19, 2000, only one month following the subject automobile incident, Ms. Williams fell at an Albertson’s Grocery Store and claimed that her low back was bothering her. Notwithstanding her June 2000 automobile accident made the subject of this claim and the medical treatment by Dr. Johnston, she reported to the regional claims supervisor at Albertson’s that she had not experienced problems with her back “in a long time.” Ms. Williams also withheld the fact that she had suffered with low back problems less that than six months earlier in March 2000. Finally, Ms. Williams never related to Dr. Johnston that she had exacerbated her back condition when she fell at Albertson’s.
The litany of incidents, back injuries, and discrepancies in statements is disturbing. The trial judge recognized Ms. Williams’ dissemblance and remarked on the high number of accidents. He observed that she should not be given the benefit of the doubt. Nevertheless, because it was not disputed that Dr. Harris was at fault when she backed into Ms. Williams’ vehicle, the trial judge held that Ms. Williams should be entitled to recover for her injuries. It is in the unsubstantiated leap from the issue of negligence to a finding of causation of Ms. Williams’ medical condition that this reviewing court finds manifest error.

CAUSATION

Injuries suffered by Ms. Williams that are referenced in the record include:
(1) February 7, 1995 — a pole hit her at work resulted in head injuries;
14(2) October 13, 1996 — an automobile accident resulted in neck and back injuries;
(3) January 21, 1998 — an automobile accident resulted in neck and back injuries;
(4) June 17, 1999 — roofing material that hit her resulted in head injuries;
(5) June 19, 2000 — the automobile accident made the subject of this litigation;
(6) July 19, 2000 — a fall at Albertson’s Store resulted in back injury.
Assuming that Ms. Williams was accident-prone, as was suspiciously suggested *29 by the trial judge from the bench, at no time did the court scrutinize the timing of the various medical tests and their relationship to the injuries. Following the automobile collision of June 2000, Dr. Johnston diagnosed Ms. Williams’ physical condition as cervical and lumbar strain with muscle spasm. This diagnosis was similar to Ms. Williams’ previous medical diagnoses, with the addition of the notation of muscle spasm. On July 13, 2000, because Ms. Williams complained that she was experiencing pain down her leg to her foot, Dr. Johnston ordered an MRI of her lumbar spine. It was only after the results of the MRI test were reviewed by Dr. Johnston that Ms. Williams was diagnosed with a herniated disc and assigned a ten-percent whole person physical impairment.
The variable that went unnoticed by the trial judge is that on July 19, 2000, Ms. Williams fell at Albertson’s and incurred lumbar injuries. Ms. Williams reported to her physical therapist an increase in low back pain on the right side after tripping over a plastic bag at Albertson’s. The MRI was conducted on July 22, 2000, after the fall at Albertson’s. Yet, the intervening accident at Albertson’s was not even considered by the trial judge in his attribution of fault for the full extent of Ms. Williams’ back condition.[1] Moreover, on July 25, 2000, |„Ms. Williams deceptively told the regional claims supervisor for Al-bertson’s that she had not experienced problems with her back in a long time.

LEGAL ANALYSIS

A court of appeal may not set aside a trial court’s findings of fact unless there is manifest error or it is clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). However, when a trier of fact’s determination is derived by overlooking an applicable legal principle, an appellate court is not bound to accept that determination. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
The law provides that when two separate accidents produce injuries, the original negligent party is only responsible for the damages caused by his own fault. Rebstock v. Cheramie, 95-1388, pp. 5-6 (La.App. 1 Cir. 2/23/96), 673 So.2d 618, 621. Thus, a tortfeasor is liable for damages caused by his negligent act; he is not responsible for damages caused by separate, independent or intervening causes of damage. Thomas v. Hartford Insurance Company, 540 So.2d 1068, 1075 (La.App. 1st Cir.), writ denied, 542 So.2d 516 (La.1989). Moreover, the plaintiff bears the burden to prove by a preponderance of the evidence that his injuries were not the result of separate, independent and intervening causes. Thomas, 540 So.2d at 1074-1075.
In the instant case, Ms. Williams’ misleading statements and blatant omissions directed to her physicians, during her deposition prior to trial and in her testimony at trial, collectively negate the requisite proof by a preponderance of the evidence that her medical complaints after July 19, 2000 were caused by the June 19, 2000 incident. Accordingly, this court limits the award of damages to the period between June 19, 2000 and July 19, 2000.
The amended award to be granted to Ms. Williams amounts to a total figure of $6,918.23, together with legal interest thereon from date of judicial demand until *30 paid, and all costs of the trial court proceeding. This sum is reached via the | (¡following calculations: $1,047.00 for treatment by Dr. Johnston between June 19 and July 19, 2000; $620.00 for physical rehabilitation between June 19 and July 19, 2000; $775.00 for the MRI, which was recommended by Dr. Johnston on June 13, 2000; $110.47 for prescriptions from Eck-erd’s Pharmacy; $1,865.76 in lost wages for the twenty-three work days following the automobile accident[2]; and $2,500.00 in general damages based on one month’s pro-rata portion of the trial court judge’s general damages award. All costs associated with this appeal are assessed to Jackie Williams.
AMENDED, AND AS AMENDED, RENDERED.

. It is noted that Ms. Williams did not pursue a claim against Albertson’s for her reported low back injuries. To do so, she would have been subject to the additional burden of proof in claims against merchants, which is greater than a negligence claim against an individual, such as Dr. Harris. La. R.S. 9:2800.6 B.

. The record reveals that Ms. Williams missed twenty-three days of work between June 19, 2000 and July 19, 2000. She earned $10.14 per hour and worked eight-hour days.